Jerry S. Smith (SBA #19599)
JERRY S. SMITH, PLLC
145 S. Sixth Avenue
Tucson, Arizona 85701-2007
Phone:  (520) 326-0134
Email: jsmith@jsslawpllc.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **PATRICIA A. YOUNG**, | **Case # 4:14 CV** |
| Plaintiff, | |
| v. | |
| **HERITAGE INTERIORS ISI, LLC**, an Arizona limited liability company, and **INTERIOR SPECIALISTS, INC.,** a California corporation, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Patricia A. Young, by and through Jerry S. Smith, her undersigned attorney of record, submits this Complaint and Demand for Jury Trial against Defendants Heritage Interiors ISI, LLC, an Arizona limited

liability company, and Interior Specialists, Inc., a California corporation, jointly and severally, for her claim for failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. 207(a).

This Complaint is filed pursuant to Federal Rules of Civil Procedure, Rules 3, 7(a)(1), 8(a), 38(b) and 39(a).

## **Fact Allegations**

**1.** Plaintiff Patricia A. Young ("PAY") is, and has been at all times material to this Complaint, an adult resident of Pima County, Arizona.

**2.** Defendant Heritage Interiors ISI, LLC is, and has been at all times material to this Complaint:

(A)   An Arizona limited liability company, with a place of business located in Tucson, Pima County, Arizona; and

(B)   An "employer" as that term is defined in 29 U.S.C. 203(d), and used in 29 U.S.C. 207(a); and

(C)   An "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. 203 (r,s); and

(D)   Had as its sole and managing member Defendant Interior Specialists, Inc.

**3.**   Defendant Heritage Interiors ISI, LLC is, and has been at all times material to this Complaint:

(A)     California corporation, authorized to do business in Arizona, with a place of business located in Tucson, Pima County, Arizona; and

(B)   An "employer" as that term is defined in 29 U.S.C. 203(d), and used in 29 U.S.C. 207(a); and

(C)   An "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. 203 (r,s).

**4.** Plaintiff PAY was employed by both Defendants, Heritage Interiors ISI, LLC, and Interior Specialists, Inc. jointly at their place of business in Tucson, Arizona for approximately four years until June 11, 2014, when she was terminated without good cause.  (These two Defendants are hereinafter collectively referred to as "ISI".)

**5.** At all times during her employment by ISI, PAY was an employee of ISI as that term is defined in 29 U.S.C. 203(e)(1), and used in 29 U.S.C. 207(a).

**6.** ISI employed PAY as a commissions earning sales representative, providing goods (including upgrades, window coverings, etc.) and design services to new home buyers through arrangements with homebuilders.

**7.** To perform her assigned work duties for ISI, PAY routinely worked in excess of forty hours per week.

**8.** PAY was paid a base wage of $25,000.00 per year prior to April 1, 2014, and a base wage of $28,000 per year until she was fired on June 11, 2014.  In addition, she was also paid commissions pursuant to a contractual formula.   At all times, her base pay was at least 1.5 times the minimum wage set by 29 U.S.C. 206.

**9.** Within the three years prior to the filing of this action, in some months the monthly commissions paid by ISI to PAY were more than half of

her total compensation for the month, and in some months the commissions paid were less than half of her total compensation for the month.

**10.** Therefore, paragraphs 8 and 9 supra, for those months that PAY's monthly commissions exceeded half of her total compensation she was exempt from the overtime pay requirements of 29 U.S.C. 207(a) as provided by 29 U.S.C. 207(i). Likewise, for those months worked when PAY's monthly commissions were less than half of her total compensation, she was not exempt from the overtime requirements of 29 U.S.C. 207(a). PAY seeks damages herein for failure to pay overtime pay for the 23 months worked when PAY's monthly commissions were less than half of her total compensation which are listed in paragraph 11, infra.

**11.** The 23 months within three years preceding the filing of this action when PAY's monthly commissions were less than half of her total compensation are the following:

| Month | Number of hours in excess of 40 per week worked this month |
|---|---|
| Nov. 2011 | 8 |
| Dec. 2011 | 8 |
| Jan. 2012 | 45 |
| Feb. 2012 | 58 |
| Mar. 2012 | 73 |
| Apr. 2012 | 85 |
| May 2012 | 86 |
| Jul. 2012 | 84 |
| Aug. 2012 | 94 |
| Sep. 2012 | 85 |

| | |
|---|---|
| Nov. 2012 | 57 |
| Jan. 2013 | 58 |

Month     Number of hours in excess of 40 per week worked this month

| | |
|---|---|
| Mar. 2013 | 85 |
| Apr. 2013 | 86 |
| May 2013 | 92 |
| Jun. 2013 | 85 |
| Jul. 2013 | 83 |
| Aug. 2013 | 83 |
| Oct. 2013 | 75 |
| Dec. 2013 | 45 |
| Jan. 2014 | 58 |
| Apr. 2014 | 87 |
| May 2014 | 89 |

**Total Overtime Hours = 1609**

**12.** During the period of PAY's employment by ISI, ISI failed to make or maintain accurate daily wage and hour records showing her number of hours worked each week, and ISI never paid her any overtime compensation for the hours in excess of forty during the months when her commissions were less than half of her total compensation.

**13.** The failure of ISI to record and maintain accurate records of the daily hours that PAY worked for it was a deliberate violation of the record keeping requirements of the Fair Labor Standards Act, 29 U.S.C. 211(c) and 29 U.S.C. 215(a)5.

**14.** These failures by ISI to pay required overtime pay and to keep accurate wage and hour records for PAY were deliberate and willful violations of the Fair Labor Standards Act, 29 U.S.C. 201 et seq.  ISI is a large national employer that has or should have had legal counsel or professional human resources personnel to advise it on compliance with the Act.

## Jurisdiction and Venue Allegations

**15.** PAY is, and has been at all times material to this Complaint, a resident of Pima County, Arizona, and ISI has been engaged in business in Pima County, Arizona, where the claims set forth in this Complaint arose.

**16.** This Court has jurisdiction for PAY's claim which is based upon federal statutes, to-wit: 29 U.S.C. 207(a), pursuant to 29 U.S.C. 216(b) and 28 U.S.C. 1331.

**17.** Based upon the foregoing, paragraphs 15 and 16 supra, this Court is the appropriate venue for this action, pursuant to 28 U.S.C. 1391(b)2.

## Demand for Trial by Jury

Plaintiff PAY demands a trial by jury, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rules 38(b) and 39(a).

## Relief Requested

Based upon the foregoing, Plaintiff PAY respectfully requests judgment and orders granting her the following relief against the Defendants

jointly and severally on her claim for failure to pay overtime wages, in violation of 29 U.S.C. 207(a), 29 U.S.C. 215(a)2, and 29 U.S.C. 216(b):

1. PAY's unpaid overtime wages for her 1609 hours of unpaid overtime work, to be calculated for each month of work listed in paragraph 11 supra, pursuant to the formula set by 29 U.S.C. 207(e) and 29 C.F.R. 778.108 and 29 C.F.R. 778.117, to be doubled pursuant to 29 U.S.C. 216(b).

2. PAY's reasonable attorneys' fees pursuant to 29 U.S.C. 216(b), Federal Rules of Civil Procedure, Rule 54(d)2, and U.S. District Court for Arizona LRCiv 54.2.

3. PAY's taxable costs pursuant to 29 U.S.C. 216(b), 29 U.S.C. 1920, Federal Rules of Civil Procedure Rule 54(d)1, and U.S. District Court for Arizona LRCiv 54.1.

Respectfully submitted this 3rd day of October, 2014.

s/Jerry S. Smith
Jerry S. Smith, Attorney for Plaintiff
Jerry S. Smith, PLLC